IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JULIE A. ROBINSON                                                              PLAINTIFF

V.                              CASE NO. 5:20-CV-05177

ANDREW M. SAUL, Commissioner
Social Security Administration                                                 DEFENDANT

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 21) of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, filed in this case on June 24, 2021. The magistrate judge recommends dismissing the case without prejudice for failure to prosecute. On October 2, 2020, Plaintiff Julie A. Robinson, proceeding *pro se*, filed her Complaint in this Court, appealing the Social Security Administration Commissioner's decision to deny her disability benefits. The Court directed her to file an appeal brief by March 29, 2021. *See* Doc. 17. She violated this Order. Three days after her brief was due, she filed a motion for extension of time. The Court granted this motion, even though the brief was already late, and extended Plaintiff's filing deadline to May 3, 2021. *See* Doc. 19. Plaintiff once again missed her deadline and did not communicate with the Court during the month of May.

On June 1, 2021, the Court entered an Order (Doc. 20) directing Plaintiff to show cause as to why her case should not be dismissed for failure to prosecute and comply with the Court's Order. Plaintiff's response to the Order to Show Cause was due on June 15, 2021, and she failed to respond. On June 24, Magistrate Judge Bryant issued his R&R, recommending dismissal of the case, and Plaintiff was given until July 8 to file objections to the R&R. On June 28, Plaintiff filed a Motion for Second Extension of Time

1

to File Appeal Brief, claiming that she intended "to submit appeal brief with legal authority stated showing just cause for action" but that "[e]xtraordinary circumstances of recent events have caused a great deal of hardships and distress rendering a tremendous burden in meeting the previous scheduling dates." (Doc. 20, pp. 1–2). She offered no details as to why she had failed to meet any of the Court's previous deadlines. She also did not elaborate as to what "hardships" prevented her from filing her appeal brief throughout the previous three months.

On July 8, 2021, Plaintiff filed an Objection (Doc. 23) to the R&R. She stated:

> Extraordinary circumstances of recent events have caused a great deal of hardships and distress rendering a tremendous burden in meeting the previous scheduling dates for the previous three months. There is no disregard or disrespect toward the Court and Defendant(s) time and schedule intended. I do apologize.

*Id.* at pp. 1–2.

The Court has now reviewed the entire case *de novo*, as is required by 28 U.S.C. § 636(b)(1)(C). Essentially, Plaintiff claims in her objection to the R&R that she has a valid basis to appeal the denial of disability benefits and intends to submit an appeal brief at some point; however, she does not explain why she ignored Court Orders. She also promises she will file an appeal brief, but she does not explain when the brief will be filed. Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case if the plaintiff fails to prosecute or fails to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

To date, Plaintiff has violated at least two Court Orders and has provided no reasonable explanation for doing so. The Court declines to hold the case open indefinitely in the hope that Plaintiff might someday file an appeal brief. Her repeated failure to obey deadlines, provide good faith reasons for delay, and refusal to comply with Court Orders are sufficient reasons to dismiss the case without prejudice under Local Rule 5.5 and Federal Rule of Civil Procedure 41(b).

Accordingly, Plaintiff's Objection is **OVERRULED**. **IT IS ORDERED** that the R&R (Doc. 21) is **ADOPTED IN ITS ENTIRETY**, and the case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey Court Orders.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Second Extension of Time to File Appeal Brief (Doc. 20) is **DENIED AS MOOT**.

**IT IS SO ORDERED** on this 21st day of July, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE